IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE OVERSIGHT PROJECT<br>211 North Union Street<br>Alexandria, VA 22314<br><br>MIKE HOWELL<br>211 North Union Street<br>Alexandria, VA 22314<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES<br>200 Independence Ave, SW<br>Washington, DC 20201<br><br>*Defendant*. | Case No. 25-cv-3129 |

**COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs THE OVERSIGHT PROJECT and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES ("HHS" or "Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of records from HHS and its component, the National Institutes of Health ("NIH"), regarding the medical study of pediatric gender-affirming care.

2.      Through this action, Plaintiffs seek to compel the production of records responsive to two FOIA Requests ("Requests") seeking release of information regarding the impact of pediatric medical treatments for gender dysphoria. These records will help the public better

1

understand the studied medical outcomes of these treatments.

3. Plaintiffs requested the records at issue in this action from NIH on July 2, 2025. To date, Plaintiffs have not received any determination regarding either request or received any communication beyond what appears to be an automated acknowledgment. NIH's failure to respond timely is a violation of FOIA.

## PARTIES

4. Plaintiff The Oversight Project is a nonpartisan public policy organization based in Wyoming with an office in Virginia that works to expose and root out corruption in government, among elected officials, and in the most influential organizations to ensure power resides with the American People. The Oversight Project is a not-for-profit section 501(c)(4) organization which engages in substantial dissemination of information to the public. The Oversight Project is an initiative aimed at obtaining information via FOIA requests and other means to best inform the public. The Oversight Project provides information to Congress for the purposes of Congressional oversight. The Oversight Project and Plaintiff Mike Howell's journalistic work is published most frequently on X (formerly known as Twitter) to provide information directly to the American people. Significant findings are also posted on the Oversight Project's website. That website contains a searchable archive of records obtained by the Oversight Project in the "Doc Depot." The "Doc Depot" is a bespoke technological solution compiled by Oversight Project technical experts to facilitate fully searchable public access to FOIA'd records. Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

5. Plaintiff Howell leads The Oversight Project and is an investigative columnist for *The Daily Signal* and a contributor to *The Blaze*.

6. Defendant HHS is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and/or control of the records that Plaintiffs seek. HHS is located at 200 Independence Avenue, S.W., Washington, D.C., 20201. NIH is a subcomponent of HHS.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant HHS's principal place of business is in the District of Columbia.

## FACTUAL ALLEGATIONS

### The Requests

9. Plaintiffs submitted their FOIA Requests on July 2, 2025.

### Request A

10. The first request sought all reports submitted by grantees for *The Impact of Early Medical Treatment in Transgender Youth* study, award number: R01HD082554 ("Request A"), specifically:

> All reports, including drafts, regarding 5R01HD082554-01A1—5R01HD082554-09 submitted by Johanna Olson, MD, Children's Hospital Los Angeles and the Keck School of Medicine of the University of Southern California; Stephen Rosenthal, MD, UCSF Benioff Children's Hospital San Francisco; Robert Garofalo, MD, MPH, Ann & Robert H. Lurie Children's Hospital of Chicago and Northwestern University Feinberg School of Medicine; and Norman Spack, MD, Boston Children's Hospital and Harvard Medical School.

A true and correct copy of Request A is attached hereto as Exhibit 1.

11. Request A sought a fee waiver based on Plaintiffs' not-for-profit status, ability to

3

widely disseminate information through its own publication and through appearances and contributions to traditional and nontraditional media, and the public interest in pediatric gender-affirming care and media coverage of *The Impact of Early Medical Treatment in Transgender Youth* study.

### Request B

12. The second request sought internal final documents about two drugs used in pediatric gender-affirming care ("Request B"), specifically:

   A. All internal final documents concerning physiological side effects of Supprelin; and
   B. All internal final documents concerning physiological side effects of Lupron.

A true and correct copy of Request B is attached hereto as Exhibit 2.

13. Request B sought a fee waiver based on Plaintiffs' not-for-profit status, ability to widely disseminate information through its own publication and through appearances and contributions to traditional and nontraditional media, and the public interest in pediatric gender-affirming care and media coverage of *The Impact of Early Medical Treatment in Transgender Youth* study.

14. On July 2, 2025, NIH acknowledged receipt of the Requests by what appears to be automated responses and assigned tracking numbers #64267 and #64268. True and correct copies of the acknowledgment letters are attached hereto as Exhibits 3 and 4.

15. Under FOIA, HHS has twenty (20) business days to produce responsive documents or issue a determination communicating the scope of the documents it intends to produce and/or withhold, the reasons for any withholding, and notifying the requester that it may appeal any adverse determination.

16. Twenty business days from July 2, 2025 is July 31, 2025.

17. To avoid litigation, Plaintiffs sought an update on the requests on September 3, 2025. A true and correct copy of the email is attached hereto as Exhibit 5. NIH has not responded to this inquiry.

18. As of the date of this Complaint, HHS has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiffs of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; (iii) issue a determination on Plaintiffs' requests for fee waivers; or (iv) inform Plaintiffs that they may appeal any adequately specific, adverse determination.

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records.**

19. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

20. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

21. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

22. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

23. Defendant's failure to conduct searches for responsive records violates HHS regulations.

24. Plaintiffs have a statutory right to the information they seek.

25. Defendant is in violation of FOIA.

26. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important

5

to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

27. Plaintiffs have no adequate remedy at law.

28. Plaintiffs have constructively exhausted their administrative remedies.

### SECOND CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

29. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

30. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

31. Defendant is subject to FOIA and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

32. Defendant is wrongfully withholding non-exempt records requested by Plaintiffs by failing to produce any records responsive to Plaintiffs' FOIA Request.

33. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

34. Defendant's failure to provide all non-exempt responsive records violates FOIA and HHS regulations.

35. Plaintiffs have a statutory right to the information they seek.

36. Defendant is in violation of FOIA.

37. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important

to carry out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

38. Plaintiffs have no adequate remedy at law.

39. Plaintiffs have constructively exhausted their administrative remedies.

## THIRD CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Fee Waiver

40. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

41. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

42. Defendant has constructively denied Plaintiffs' applications for fee waivers pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 45 C.F.R. § 5.54.

43. The Requests do not have a commercial purpose because the Oversight Project is a 501(c)(4) nonprofit, Howell acts in his capacity as an Oversight Project employee, and release of the information sought does not further Plaintiffs' commercial interest.

44. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii).

45. Disclosure of the information sought by the Requests also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

46. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Requests. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

7

47. Plaintiffs have a statutory right to fee waivers.

48. Defendant is in violation of FOIA by denying fee waivers.

49. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied fee waivers to which they are statutorily entitled and that is important to carry out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

50. Plaintiffs have no adequate remedy at law.

51. Plaintiffs have constructively exhausted their administrative remedies.

## FOURTH CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Statutory Bar Against Charging Fees

52. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

53. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

54. The Requests do not have a commercial purpose because the Oversight Project is a 501(c)(4) nonprofit, Howell acts in his capacity as an Oversight Project employee, and release of the information sought does not further Plaintiffs' commercial interest.

55. Plaintiffs are members of the news media as "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii)(III).

56. Disclosure of the information sought by the Requests also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

57. Defendant has "failed to comply with a[] time limit under paragraph (6)" as to the Requests. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

58. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Requests. Therefore, Plaintiffs have a statutory right to have their requests processed without being charged any fees.

59. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

60. Plaintiffs have no adequate remedy at law.

61. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Requests;

B. Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Requests and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

C. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

D. Enjoin Defendant from assessing fees or costs for Plaintiffs' FOIA Requests;

E. Retain jurisdiction over this matter as appropriate;

F. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

G.  Grant such other and further relief as this Court may deem just and proper.

Dated:  September 11, 2025          Respectfully submitted,

/s/ Eric Neal Cornett
ERIC NEAL CORNETT
(No. 1660201)
The Oversight Project
211 N. Union St
Alexandria, VA 22314
Telephone:  (606) 275-0978
Email: Neal@itsyourgov.org


SAMUEL EVERETT DEWEY
(No. 99979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email:  samueledewey@sedchambers.com

KYLE BROSNAN
(No. 90021475)
The Oversight Project
211 N. Union St
Alexandria, VA 22314
Telephone:  (845) 674-5589
Email: Kyle@itsyourgov.org

*Counsel for Plaintiffs*